**Law Offices of Avrum J. Rosen, PLLC**
*Attorneys for Lori Lapin Jones, as Chapter 7 Trustee*
*for the Estate of Dmitriy Posh f/k/a Dmitriy Poshtaruk*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen
Deborah L. Dobbin

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| DMITRIY POSH<br>f/k/a Dmitriy Poshtaruk, | Case No. 23-40666-ess |
| Debtor. | |

----------------------------------------------------------------x

| | |
|---|---|
| LORI LAPIN JONES, solely in her capacity as<br>Chapter 7 Trustee for the Estate of Dmitriy Posh<br>f/k/a Dmitriy Poshtaruk, | Adv. Proc. No.: 24-    -ess |
| Plaintiff, | |
| -against- | |
| SERGEY POSHTARUK, | |
| Defendant. | |

----------------------------------------------------------x

## COMPLAINT

Lori Lapin Jones, solely in her capacity as Chapter 7 Trustee (the "Plaintiff") for the Estate of Dmitriy Posh f/k/a Dmitriy Poshtaruk (the "Debtor"), by and through her counsel, Law Offices of Avrum J. Rosen, PLLC, respectfully files this as and for her complaint (the "Complaint") against Sergey Poshtaruk (the "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.  In this action, Plaintiff, seeks to set aside as fraudulent, the transfer of a 50% interest in and to the single residential cooperative apartment commonly known as 1530 East 8th Street,

1

Apt 2H, Brooklyn, New York 11230, identified under Block 6614, Lot 17 in the Borough of Brooklyn, by the Debtor to his father, the Defendant, within two (2) years of the date of the Debtor's bankruptcy filing, for no reasonably equivalent value, while the Debtor was indebted to creditors and insolvent or rendered insolvent by the transfer.

## JURISDICTION AND VENUE

2. This adversary proceeding relates to the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

4. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

5. The statutory predicates for the relief sought herein include sections 105, 323, 542, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to the Plaintiff are located.

6. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7. The Plaintiff is the Chapter 7 Trustee of the Debtor. The Plaintiff's mailing address is 98 Cutter Mill Road, Suite 255 South, Great Neck, New York 11021. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

8. The Defendant is an individual. Upon information and belief, the Defendant's address is 2140 Hendrickson St. Brooklyn, New York 11123.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.   The Bankruptcy Filing**

9. On February 27, 2023 (the "Petition Date"), the Debtor commenced a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York (Brooklyn Division).

10. Lori Lapin Jones was appointed interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, became the permanent Chapter 7 Trustee of the Debtor's estate.

**B.   The Co-Op**

11. According to the records maintained by the New York City Department of Finance, which are publicly available on its Automated City Register Information System ("ACRIS"), on or about October 22, 2009, the Debtor became the 100% owner of 202 shares of stock in 1530 East 8th Street Corporation and the Proprietary Lease with respect to Unit 2H (the "Co-Op").

**C.   Matrimonial Proceedings**

12. On or about June 29, 2020, Daria Badillo ("Badillo"), the wife of the Debtor, filed a petition for divorce against the Debtor in the Supreme Court, Kings County, under Index No. 550417/2020 (the "Divorce Proceeding").

13. Upon information and belief, in the Divorce Proceeding, Badillo sought alimony/maintenance from the date of filing the petition for divorce, which total amount has yet to be awarded and will be determined by the time of entry of judgment of divorce.

**D.** **The Transfer**

14. During the pendency of the Divorce Proceeding, on or about August 12, 2021, the Debtor transferred a 50% interest in the Co-Op to the Defendant (the "Transfer").

15. Based on the Recording and Endorsement Cover Page prepared on August 21, 2021, the Transfer was for zero consideration.

16. The Transfer was made within two (2) years of the Petition Date.

17. The Transfer was made at a time when the Debtor was insolvent, or the Transfer rendered the Debtor insolvent.

18. The Debtor did not receive reasonably equivalent value for the Transfer.

19. At the time of the Transfer, the Debtor was indebted to creditors and the Debtor was not paying his obligations as they became due and owing.

20. The Defendant was not a good faith purchaser for value.

21. The Transfer was made by the Debtor, to the Defendant, with actual intent to hinder, delay, or defraud the Debtor's creditors.

22. According to the Debtor's Schedule D and documents provided by the Debtor, the value of the Property as of the Petition Date was $265,000.00 and the sum of $94,883.00 was due and owing Newrez LLC c/o Shellpoint Mortgage Servicing.

23. The Debtor transferred property to the Defenant having a value of at least $85,000.00 representing one-half of the equity in the Co-Op that would have been available for creditors.

**D.    Insolvency of the Debtor**

24.  As of the Petition Date, the sum of the Debtor's debts were greater than his assets at fair valuation.

25.  The Debtor was indebted to creditors as of the date of the Transfer.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfers)**
**(Bankruptcy Code §§ 548(a)(1)(A) and 550)**

26.  The Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "25" as if set forth fully herein.

27.  The Transfer was a transfer of an interest of the Debtor in property owned by the Debtor.

28.  The Transfer was made within two (2) years of the Petition Date.

29.  The Transfer was made with the actual intent to hinder, delay, or defraud the Debtor's creditors, including the Debtor's spouse Badilla during the pendency of the Divorce Proceedings.

30.  The Transfer is fraudulent under Bankruptcy Code § 548(a)(1)(A).

31.  Under Bankruptcy Code §§ 548 and 550, the Plaintiff may avoid the Transfer.

32.  By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code, and judgment against the Defendant in an amount not less than fifty percent (50%) of the fair market value of the Co-Op, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfers)
### (Bankruptcy Code §§ 548(a)(1)(A) and 550)

33. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "25" as if set forth fully herein.

34. The Transfer was a transfer of an interest of the Debtor in property owned by the Debtor.

35. The Transfer was made within two (2) years of the Petition Date.

36. The Debtor did not receive reasonably equivalent value in exchange for the Transfer.

37. At the time of the Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

38. At the time of the Transfer, the Debtor knew, or should have known, creditors held claims against him.

39. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

40. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant avoiding the Transfer pursuant to sections 548(a)(1)(B), and 550 of the Bankruptcy Code, and judgment against the Defendant in an amount not less than fifty percent (50%) of the fair market value of the Co-Op, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**THIRD CLAIM FOR RELIEF**
**(Recovery of Fraudulent Transfer under 11 U.S.C. § 550)**

41. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "25" as if set forth fully herein.

42. The Transfer is avoidable under section 548 of the Bankruptcy Code.

43. Under section 550(a) of the Bankruptcy Code, the Plaintiff may recover the Transfer or the value thereof.

44. By reason of the foregoing, the Plaintiff is entitled to: (i) judgment recovering the Debtor's interest in the Transfer, or the fair market value thereof, which is at least fifty-percent (50%), pursuant to section 550 of the Bankruptcy Code; and (ii) judgment against the Defendant in an amount as yet undetermined, but in no event less than fifty percent (50%) of the fair market value of the Co-Op, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

**RESERVATION OF RIGHTS**

45. During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional facts and causes of action. Accordingly, the Plaintiff reserves her right to amend this Complaint to include *inter alia*: (a) further information regarding the allegations herein; (b) revisions to the Defendant's names (c) additional defendants; (d) additional causes of action; and/or (e) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

**WHEREFORE**, the Plaintiff respectfully demands against the Defendant:

(a) On the First Claim for Relief, judgment avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code, and judgment against the Defendant in an amount not less than fifty percent (50%) of the fair market value of the Co-Op, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

(b) On the Second Claim for Relief, judgment avoiding the Transfer pursuant to sections 548(a)(1)(B), and 550 of the Bankruptcy Code, and judgment against the Defendant in an amount not less than fifty percent (50%) of the fair market value of the Co-Op, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court;

(c) On the Third Claim for Relief: (i) judgment recovering the Debtor's interest in the Transfer, or the fair market value thereof, which is at least fifty-percent (50%), pursuant to section 550 of the Bankruptcy Code; and (ii) judgment against the Defendant in an amount as yet undetermined, but in no event less than fifty percent (50%) of the fair market value of the Co-Op, plus interest thereon, attorneys' costs, or such other amount as may be determined by the Court.

(d) Such other, further and different relief that this Court deems just and proper.

Dated: Huntington, New York
February 5, 2024

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**
Attorneys for Plaintiff

By:    /s/ Avrum J. Rosen
Avrum J. Rosen, Esq.
Deborah L. Dobbin, Esq.
38 New Street
Huntington, New York 11743
(631) 423-8527
arosen@ajrlawny.com
ddobbin@ajrlawny.com