**J. Singer Law Group, PLLC**
Jeb Singer, Esq.
Ira Reid, Esq.
1 Liberty Plaza, 23rd Fl.
New York, New York 10006
(917) 880-5832
jsinger@jsingerlawgroup.com
ireid@jsingerlawgroup.com

*Attorneys for Defendant*
*Sergey Poshtaruk*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------X
In re:                                                   Chapter 7

DMITRIY POSH
f/k/a Dmitriy Poshtaruk,                         Case No. 23-40666-ess

                              Debtor.
------------------------------------------X
LORI LAPIN JONES, solely in her capacity as     Adv. Proc. No.: 24-01016-ess
Chapter 7 Trustee for the Estate of Dmitriy Posh
f/k/a Dmitriy Poshtaruk

                        Plaintiff,
    -against-

SERGEY POSHTARUK,

                        Defendant.
------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Sergey Poshtaruk (the "***Defendant***"), by his undersigned counsel, hereby submits this Answer with Affirmative Defenses (the "***Answer***") to the Complaint (the "***Complaint***") filed by Lori Lapin Jones in her capacity as Chapter 7 Trustee (the "***Trustee***" or "***Plaintiff***") for the Estate of Dmitriy Posh f/k/a Dmitriy Poshtaruk (the "***Debtor***"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant admits only that Plaintiff has filed the Complaint alleging the claims set forth therein, but denies all other allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant admits only that this adversary proceeding relates to the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of New York. Defendant otherwise avers that that the contentions that this is a "core proceeding" under 28 U.S.C. Sections 157(b)(2)(A), (H) and (O), 28 U.S.C. Section 1334, and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") are legal conclusion as to which no responses are required. Defendant denies all the other allegations set forth in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions are to which no responses are required.

4. Paragraph 4 of the Complaint contains legal conclusions are to which no responses are required.

5. Answering paragraph 5 Defendant admits only that the predicates for the relief sought in the Complaint are sections 548 and 550 of Title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 6009 and 7001 of the Bankruptcy Rules, but denies all the other allegations set forth in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

## THE PARTIES

7. In responding to Paragraph 7, Defendant admits only that the Plaintiff is the Trustee, avers that the Paragraph contains legal conclusions as to which no responses are required

and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A. The Bankruptcy Filing**

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in paragraph 10 of the Complaint.

**B. The Co-Op**

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

**C. Matrimonial Proceedings**

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of the Complaint.

**D. The Transfer**

14. Defendant admits only that the Debtor transferred a 50% interest in the Co-Op to the Defendant (the "**Transfer**"), but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 14 of the Complaint. Notwithstanding, and in furtherance of the response herein, Defendant avers that the Transfer occurred prior to the date August 12, 2021.

15. Answering paragraph 15, the term Recording and Endorsement Cover Page is undefined. Defendant denies that the Transfer was for zero consideration.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. The allegations in paragraph 20 of the Complaint contain a legal conclusion that does not require a response from Defendant. If a response is required, the Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant admits that the Debtor's Schedule D speaks for itself but otherwise denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

**D.** **Insolvency of the Debtor**

24. Defendant admits the allegations set forth in paragraph 24 of the Complaint.

25. Defendant admits the allegations set forth in paragraph 25 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Transfers)**
**(Bankruptcy Code Sections 548(a)(1)(A) and 550)**

26. Defendant repeats and realleges the responses set forth in paragraphs 1 through 25 as if set forth fully herein.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfers)
### (Bankruptcy Code Sections 548(a)(1)(B) and 550)

33. Defendant repeats and realleges the responses set forth in paragraphs "1" through "32" as if set forth fully herein.

34. Defendant admits the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfer under 11 U.S.C. Section 550)

41. Defendant repeats and realleges the responses set forth in paragraphs "1" through "40" as if set forth fully herein.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## **RESERVATION OF RIGHTS**

45. The allegations contained in paragraph 45 of the Complaint are opinions and reservation of rights of Plaintiffs and do not require a response from Defendant. If a response is

required, the Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. The Transfer is subject to the New York State Homestead Exemption under N.Y. CPLR Section 5206, pursuant to section 522 of the Bankruptcy Code.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. The Transfer was given for fair /equivalent consideration in the form of forgiveness of debt owed to the Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. The Transfer was given at a time the Debtor was solvent.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. The Transfer was made without an intent to hinder, delay or defraud creditors.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. The claims in the Complaint are barred due to the lack of a required condition(s) or element(s).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. The claims in the Complaint are barred due to the failure to plead fraud with particularity.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

53. The claims in the Complaint are barred due to the failure to attorney's fees not being permissible.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. The claims in the Complaint are barred due to the Defendant's status as a good faith purchaser for value.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. The claims in the Complaint are barred due to the lack of damages.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

57. The claims in the Complaint are barred because the Transfer occurred more than two (2) years before the Petition.

### AS AND FOR A TWELVETH AFFIRMATIVE DEFENSE

57. Defendants herein reserve the right to supplement these answers, file additional affirmative defenses (or counterclaims) during and after the investigation of the underlying facts.

**WHEREFORE,** Defendant respectfully requests that the Complaint be dismissed, that the Court award Defendant all costs of defense incurred in connection with this action, and that the Court grant such other and further relief as is just and proper.

Dated: July 11, 2024
New York, New York

        Respectfully Submitted:
        **J. SINGER LAW GROUP, PLLC**

        By: /s/ Jeb Singer
            Jeb Singer, Esq.
            Ira Reid, Esq.
            1 Liberty Plaza, 23rd Fl.
            New York, New York 10006
            (917) 806-5832
            jsinger@jsingerlawgroup.com
            ireid@jsingerlawgroup.com

            *Attorneys for Defendant*
            *Sergey Poshtaruk*